## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-615-JDK-KNM |
| TDCJ-CID, et al., | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Thomas H. Clay, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On December 26, 2023, Judge Mitchell issued a Report and Recommendation finding that Plaintiff has accumulated at least three strikes under the Prison Litigation Reform Act and recommending that the Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this case with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims but without prejudice to the refiling of this lawsuit upon satisfaction of outstanding sanctions against him and payment of the full filing fee.  Docket No. 4.  Plaintiff filed objections.  Docket No. 8.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28

U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that he is in "real and ongoing imminent danger"—specifically, an alleged MRSA infection.  Docket No. 8.  But the Report already considered and rejected these arguments.  Docket No. 4 at 5.  As the Report explains, because Plaintiff is not in imminent danger as to the allegations of the present complaint, his claim does not meet the requirements of 28 U.S.C. § 1915(g).[1] *Id.*  Plaintiff also challenges the § 1915(g) bar and the previous sanctions other courts have imposed upon him.  Docket No. 8.  But binding Fifth Circuit precedent supports these requirements.  Plaintiff's citations to decisions from the Second and Eleventh Circuits are therefore unavailing.

Next, Plaintiff appears to argue that Eastern District of Texas General Order 94-6's requirement that this Court honor sanctions imposed by other district courts somehow nullifies the imminent danger clause of § 1915(g) and creates a "conflict of law" under the Rules Enabling Act, 28 U.S.C. § 2072.  Plaintiff further complains that the Court has imposed "a new rule of law" by imposing a blanket denial of access to filing in federal court as to unpaid filing fees and sanctions, even under the imminent danger clause.  As stated above, the Fifth Circuit has affirmed

---

[1]  The Court offers no opinion on any imminent danger claim Plaintiff may have concerning his current confinement at the Estelle Unit.

that Plaintiff has three strikes under § 1915(g) and has imposed its own sanctions upon Plaintiff. The Fifth Circuit has also upheld the practice of honoring sanctions imposed by other courts. *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998). Thus, no "new rule of law" was imposed by this Court in honoring the sanction imposed by the Southern District.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 8) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims but without prejudice to the refiling of this lawsuit upon the satisfaction of three conditions: (1) proof of satisfaction of the Southern District of Texas's $100.00 sanction; (2) receipt of written permission to file a new lawsuit or proof of payment of the Fifth Circuit's $100.00 sanction; and (3) payment of the full filing fee in the newly refiled case or a showing that Plaintiff is in imminent danger of serious physical injury relating to the allegations of the complaint at the time of the filing of the new complaint.

So **ORDERED** and **SIGNED** this **22nd** day of **November, 2024.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE